IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Phillip Hillard, Jr., | § | |
| Robert Hughes and Dora Hughes, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action No. 6:16-CV-1036 |
| | § | |
| General Motors LLC, | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**To the Honorable United States Judge of Said Court:**

COME NOW, Phillip Hillard, Jr., Robert Hughes and Dora Hughes (hereinafter referred to as "Plaintiffs"), by and through undersigned counsel, and respectfully file this First Amended Complaint against General Motors LLC (hereinafter referred to as "Defendant").

In support hereof, the Plaintiffs would state and show the following:

**I. Parties**

1. Plaintiff Phillip Hillard, Jr. is the spouse of Anastasia Hillard, deceased. He resides in and is a citizen of Ben Wheeler, Texas.

2. Plaintiffs Robert Hughes and Dora Hughes are married and the surviving parents of Anastasia Hillard, deceased. They reside in and are citizens of Tyler, Texas.

3. Defendant General Motors, LLC is a Delaware limited liability company with its principal place of business in Detroit, Michigan. Its sole member is General Motors Holdings LLC, a Delaware limited liability company with its principal place of business in Detroit, Michigan. General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation with its principal place of business in the State of Michigan. Service of process upon this Defendant is not necessary as Defendant has Answered.

## II. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

5. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

6. On or about the November 18, 2015, Anastasia Hillard was driving a 2012 Chevrolet Captiva (VIN# 3GNAL3E53CS589874) traveling northbound on SW Loop in Tyler, Texas. A southbound vehicle crossed over the median and struck Anastasia Hillard's vehicle.

7. At the time of the accident, Anastasia Hillard was properly seated and wearing her seat belt.

8. However, despite being properly restrained, Anastasia Hillard was fatally injured when the vehicle failed to protect her.

## IV. Cause(s) of Action as to Defendant

9. It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

10. The injuries complained of occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

11. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said vehicle in question.

12. Defendant, although it may not have actually designed, manufactured, marketed, distributed, assembled, and/or tested the subject vehicle, has assumed all liabilities for claims with respect to the vehicle in question.

13. Defendant either knew or should have known of at least one safer alternative design which would have prevented the accident and/or the injuries complained of herein.

14. In addition to the foregoing, Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured,

marketed, distributed, assembled, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a.    The vehicle failed to provide proper restraint;
    b.    The vehicle's front airbag moved to the 9:00 pdof and provided protection the door rather than the driver;
    c.    The vehicle's restraint system allowed the driver to bypass the airbag restraint;
    d.    The vehicle's restraint system failed to provide proper airbag coverage;
    e.    The vehicle's front structure failed to distribute and channel energy properly;
    f.    The vehicle's front structure allowed the survival space to be destroyed;
    g.    The vehicle's front structure allowed the front airbag to shift over and provide no beneficial protection;
    h.    The vehicle's front structure and restraint system violated principles of crashworthiness;
    i.    The vehicle was not properly tested;
    j.    The vehicle was not subjected to rigorous engineering analysis;
    k.    The vehicle failed to provide adequate occupant protection; and/or
    l.    The vehicle failed to provide adequate safety.

15. It is expected that after materials are produced in discovery and after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

16. Defendant was also negligent in the design, manufacture, marketing, distribution, assembly, and/or testing of the vehicle in question.

17. The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of Anastasia Hillard's fatal injuries.

18. The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of Plaintiffs' damages.

## V. Damages

19. As a result of the acts and/or omissions of Defendant, Plaintiffs have suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Anastasia Hillard.

20. As a result of the acts and/or omissions of the Defendant, Plaintiffs have become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries of Anastasia Hillard.

21. The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Anastasia Hillard, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Conclusion and Prayer

22. For the reasons presented herein, Plaintiffs pray that upon a final trial of this cause, Plaintiffs recover judgment against the Defendant for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest at the maximum legal rate provided by law;
   d. costs of suit; and
   e. all other relief, general and special, to which Plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**The TRACY firm**

  /s E. Todd Tracy
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of September, 2016, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

  /s E. Todd Tracy
E. Todd Tracy
Stewart D. Matthews
Andrew G. Counts